IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

PLAINTIFF

vs.

Case No. 11-10211-01-EFM

CHARLES L. STANFORD,

DEFENDANT

**ORDER**

Defendant Charles Stanford is one of the defendants charged in relation to the ATF's "Bandit Trading" undercover operation. He is charged under 18 U.S.C. § 922(g)(3) as an unlawful user of a controlled substance in possession of a firearm. Defendant and the Government filed a number of motions in limine, which came before the Court for a hearing on April 6th, 2012.

As the Court stated at the hearing, it understands these motions relate to the following matters: (1) Defendant's statements to a Pretrial Services officer on September 21st and September 29th, 2011; (2) Defendant's positive results from urinalyses tests administered by Pretrial Services on September 29th, 2011, March 12th, 2012, and April 3rd, 2012; (3) Defendant's failure to report to Pretrial Services for a urinalysis test on March 30th, 2012; (4) Defendant's February 18th, 2011 arrest; (5) Defendant's 2007 arrest and related statements; and (6) Defendant's statements from and the video recording of an interview between Defendant and a Wichita Police Department officer on

September 21st, 2011. Because these issues overlap throughout the motions, the Court will address them by the issue presented, rather than by the particular motion in which the issue is raised.

I.      **Defendant's statements to a Pretrial Services officer on September 21st, 2011 and September 29th, 2011 are inadmissible in the Government's case-in-chief, but may be used for impeachment purposes.**

Defendant moves to exclude statements made by Defendant to a Pretrial Services officer under 18 U.S.C. § 3153(c)(1) and (c)(3). That section states in full:

> (c)(1) Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.
> (2) The Director shall issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection. Such regulations shall provide exceptions to the confidentiality requirements under paragraph (1) of this subsection to allow access to such information–
>> (A) by qualified persons for purposes of research related to the administration of criminal justice;
>> (B) by persons under contract under section 3154(4) of this title;
>> (C) by probation officers for the purpose of compiling presentence reports;
>> (D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and
>> (E) in certain limited cases, to law enforcement agencies for law enforcement purposes.
> (3) Information made confidential under paragraph (1) of this subsection is not admissible on the issue of guilt in a criminal judicial proceeding unless such proceeding is a prosecution for a crime committed in the course of obtaining pretrial release or a prosecution for failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided.

Defendant argues that section 3153 does not allow the Government to use the pretrial statements to prove Defendant's guilt. In *United States v. De La Torre*,[1] the Tenth Circuit

---

[1] 599 F.3d 1198, 1205 (10th Cir. 2010).

-2-

determined that there is an exception to this rule when such evidence is introduced to impeach a Defendant's testimony. The parties agree that these statements are inadmissible except for purposes of impeachment. Therefore, the motion is granted.

**II.     Defendant's positive results from urinalyses tests administered by Pretrial Services on September 29th, 2011, March 12th, 2012, and April 3rd, 2012 are inadmissible in the Government's case-in-chief, but may be used for impeachment purposes.**

Defendant's urine tested positive for marijuana or cocaine in three urinalyses administered by Pretrial Services. In his written motion, Defendant merely argued that his September 2011 urinalysis given by the U.S. Probation Department is inadmissible under Federal Rule of Evidence 403 because it does not meet the contemporaneous requirement of 18 U.S.C. § 922(g)(3).[2] At the hearing, Defendant further argued that 18 U.S.C. § 3153 also prevents the Government from using any of the urinalyses results in its case-in-chief.

The Government argues that the urinalyses are admissible on two bases. First, it argues that they are admissible as evidence because they are directly relevant to an element of the crime charged (being a user). The Government cites *United States v. Ball*[3] in support, a case wherein evidence that a defendant tampered with a urinalysis test while on pretrial release and then acknowledged his drug use was admitted. The present facts are different, however, because Defendant merely tested positive in a urinalysis test while on pretrial release—he did not tamper with it. The Government

---

[2] Doc. 30. It is not necessary to address this argument here; however, it is discussed in detail with respect to other motions.

[3] 499 F.3d 890 (8th Cir. 2007) ("Evidence demonstrating Ball tampered with a urinalysis test and used methamphetamine while on pretrial release, therefore, was directly relevant to an element of the charged offense, and thus admissible.").

also cites *U.S. v. Richardson*,[4] wherein the district court allowed evidence of the defendant's flight from police and his failure to appear for mandatory drug testing because the flight was directly relevant to the "user" element of the crime charged. *Richardson* is also distinguishable from the present facts because the Government is arguing for the admissibility of positive urinalyses for which the Defendant did appear—not his failure to appear. In sum, the Court finds the Government's first argument unpersuasive because both *Ball* and *Richardson* are distinguishable from the facts of this case.

For its second argument, the Government urges that public policy considerations should allow the urinalyses results to be offered in its case-in-chief. It argues that 18 U.S.C. § 3153 is intended to encourage candid, voluntary communication between defendants and Pretrial Services officers, and that allowing the results from mandatory urinalysis tests would not violate that public policy. Although the Court finds this argument intriguing, it ultimately finds that a plain reading of the statute must prevail. Section 3153(c)(1) does not limit the protection to statements; rather, it extends to all "*information*[5] obtained in the course of performing pretrial services functions."

Therefore, the Court finds that the positive urinalyses results are admissible only for impeachment purposes, just as evidence of the other clean urinalyses would be similarly admissible.

---

[4] *U.S. v. Richardson*, 427 F.3d 1128, 1133 (8th Cir. 2005) ("This evidence was probative on an essential element of the charges against Richardson: that he was an addict or user of controlled substances. Richardson did not stipulate to this fact, and the prosecution was therefore required to present evidence of Richardson's drug use. The evidence offered consisted of Richardson's failure to attend scheduled drug tests, his flight from the police, and the small amount of cocaine found on his person when he was apprehended. The court found that the flight and his failure to appear for mandatory drug tests showed a consciousness that his drug use would be discovered if he were tested. Because this evidence is directly relevant to an element of the crime charged, the district court did not abuse its discretion by admitting it at trial.").

[5] Emphasis added.

Defendant's motion to exclude the fall 2011 urinalysis[6] for purposes other than impeachment is granted, and the Government's related motions to admit all three urinalyses[7] are denied..

**III.   Defendant's failure to report to Pretrial Services for a urinalysis test on March 30th, 2012 is admissible, both in the Government's case-in-chief and for impeachment purposes.**

Defendant failed to report to Pretrial Services for a mandatory urinalysis test on March 30th, 2012. The Government argues that evidence of his failure to report is admissible under the rationale of *Richardson*[8] and 18 U.S.C. § 3153 because it is not "information" as contemplated by that statute. Defendant, on the other hand, argues that his failure appear for the urinalysis also qualifies as "information."

The statute states, "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential."[9]  "When terms used in a statute are undefined, we give them their ordinary meaning."[10]  Because "information obtained" is not defined in the statute, the Court must once again adhere to a plain reading of the statute. "Information" is defined as "1. Knowledge or facts learned, especially about a certain subject or event . . . 2. The act of

---

[6] Doc. 30.

[7] Docs. 48 and 64.

[8] 427 F.3d 1128.

[9] 18 U.S.C. § 3153(c)(1).

[10] *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187, 115 S. Ct. 788, 793, 130 L. Ed. 2d 682 (1995)

informing or the condition of being informed; communication of knowledge."[11]  "Obtained" is defined as "to succeed in gaining possession as the result of planning or endeavor."[12]  These definitions, paired with common sense, suggest that obtaining information is something that is intentionally done as the result of a plan or endeavor.  Any evidence gained through Defendant's failure to appear for his urinalysis was certainly not planned; therefore, the statute's language does not indicate that its protection should extend to mere *inaction* by the Defendant.  The "information" contemplated by the statute appears to require some affirmative action.  Therefore, based on the statutory language, the evidence of Defendant's failure to report for his urinalysis is admissible and the Government's motion[13] is granted.

**IV.    Defendant's February 18, 2011 arrest is admissible.**

Defendant also moves to preclude evidence of his arrest in February of 2011, where it is alleged a small amount of marijuana was found in his brother's jeans that he was wearing.  Although Defendant's identification was in the same pocket as the marijuana, Defendant claimed that he did not know the marijuana was there.

In support of his motion to preclude the arrest, Defendant states that the Tenth Circuit case law requires the Government to prove a defendant's use of a controlled substances under U.S.C. § 922(g)(3) "on or near the time of the possession of the firearm" in question— in this instance, May 17th, 2011.  Defendant also states that the Tenth Circuit requires both contemporaneousness and regularity in the use of controlled substances for a conviction under 18 U.S.C. § 922(g)(3).

---

[11] *The American Heritage Dictionary of the English Language* 901 (5th ed. 2011).

[12] *The American Heritage Dictionary of the English Language* 1217 (5th ed. 2011).

[13] Doc. 64.

Defendant argues that the February 2011 arrest is stale under the contemporaneous requirement, and is therefore irrelevant and inadmissible under Federal Rule of Evidence 403.[14]

The Government persuasively responds that in order to establish the temporal nexus necessary, the defendant is not required to have used "illegal drugs on a particular day, or within a matter of days before the possession of the firearm. Nor is the defendant required to have been under the influence of an illegal drug at the exact time that he possessed the firearm."[15] The Government cites 27 C.F.R. § 478.11, which states:

> Unlawful user of or addicted to any controlled substance. A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. **Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year.**[16]

The Government argues that the evidence is sufficiently contemporaneous because Defendant's arrest occurred on February 18th, 2011, and the arrest relating to Defendant's current charges

---

[14] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[15] Doc. 32, p.6.

[16] (Emphasis added).

occurred approximately three months later. The Government states that this is sufficiently close, and cites a case wherein the court allowed evidence of possession twenty-eight months before the possession of the firearm.[17] The C.F.R. and case law are persuasive authority that support a finding that the February 2011 arrest was sufficiently contemporaneous. The February 2011 arrest is admissible, and Defendant's motion is denied.[18]

## V. Defendant's 2007 arrest and related statements are admissible for Federal Rule of Evidence 404(b) purposes.

The Government argues for the admissibility of Defendant's 2007 arrest for possession of marijuana. In that instance, Defendant was arrested because he had a user amount of marijuana in his pocket. Upon the discovery of the marijuana, Defendant claimed that he found the marijuana in the street and planned to dispose of it, but then agreed to hold it for a friend.

It is the Government's position that this evidence is admissible (1) as direct evidence of the crime charged, and (2) under Federal Rule of Evidence 404(b). Because the 2007 arrest occurred approximately four years before the incident giving rise to the present charges, the Court finds that the arrest is too remote in time to meet the contemporaneous requirement of 18 U.S.C. § 922(g)(3). Therefore, the 2007 arrest is not admissible as direct evidence of the crime charged. The Court is, however, persuaded that the arrest is admissible for the more narrow purpose allowed by Rule 404(b).

Rule 404(b) states : "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be

---

[17] *United States v. Ocampo*, 2010 WL 4721079 (6th Cir. November 15th, 2010).

[18] Doc. 30.

admissible for other purposes" such as to establish motive, intent, preparation, plan, identity, and absence of mistake or accident.  The Government argues that the evidence is admissible under a four-factor test used by the Tenth Circuit: "(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted."[19]  The Government states that four-part test is met because (1) the Defendant claims that he did not know about the marijuana in his pocket with his identification during his February 2011 arrest, and the 2007 arrest evidence is therefore offered under the "absence of mistake" and intent purposes to show that Defendant's claimed ignorance could not have been a mistake; (2) that the evidence is relevant under Federal Rule of Evidence 401[20] because it makes a necessary element of the offense–-that Defendant is a user— more probable; (3) that its probative value is not outweighed by the danger of prejudice (with an appropriate limiting instruction); and (4) that a limiting instruction would be appropriate to prevent unfair prejudice.

In support of its theory that the evidence is being offered for "absence of mistake" and intent purposes, the Government argues that the Tenth Circuit has "recognized the probative value of uncharged acts to show motive, intent, and knowledge, whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the

---

[19] *United States v. Zamora,* 222 F.3d 756, 762 (10th Cir. 2000)

[20] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

charged crime and sufficiently close in time.[21] The Court finds this argument persuasive, and finds that the evidence is admissible under Rule 404(b) for the purposes of showing intent and absence of mistake or accident with respect to the 2011 arrest.[22] Therefore, the Government's motion to admit the 2007 arrest and statements is granted in part and denied in part.[23]

### VI.   Defendant's statements from his interview with a WPD officer are admissible; however, the admissibility of the video recording cannot yet be determined.

Defendant was interviewed by Wichita Police Detective Loren Johnson on September 21st, 2011. He admitted to being a regular marijuana user, and also admitted to having used marijuana a week prior to the interview. Defendant argues that the recorded interview between Defendant and Wichita Police Detective Loren Johnson should be excluded due to poor quality.

The Government alleges that Defendant waived his *Miranda* rights. Defendant does not contest the voluntariness of the statements themselves; rather, he objects to the use of the recording. The Government admits that a recording of these statements was made and that the audio quality is poor. It states that it has attempted to enhance the recording, without much success, and will supply a copy of the tapes and transcript to Defendant.

The Court finds that the issue of the recording's admissibility is secondary to the inquiry of the admissibility of the statements themselves. Defendant's statements themselves are admissible

---

[21] *Id.*

[22] Fed. R. Evid. 404(b).

[23] Doc. 48.

because their voluntariness is not contested, and they are relevant to an element of the crime charged. The Court reserves its ruling on Defendant's motion regarding the recording itself.[24]

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion in Limine (Doc. 30) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the United States' Motion in Limine (Doc. 48) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the United States' Motion in Limine (Doc. 64) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2012.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] *Id.*